# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-12776 |
| | ) | |
| D/C Distribution, LLC | ) | Chapter 7 |
| Debtor | ) | Hon. Bruce W Black |
| | | Hearing Date: 10/22/09 |
| | | At 9:30 a.m. |

## NOTICE OF MOTION

Smith Amundsen LLC, as counsel for Alex D. Moglia. in his capacity as trustee, has electronically filed an application with the United States Bankruptcy Court for an order allowing and directing payment of fees of $5,102.50 that it has incurred in representing the Trustee. Smith Amundsen LLC is seeking that allowance and payment prior to the Trustee filing a final report but has completed its services for the Trustee; the Trustee is continuing to pursue recovery of assets for the estate and is not yet filing his final report.

**To support its request for interim allowance and payment, the Applicant must provide notice of the hearing to creditors and parties in interest. This Notice is that notice. The Applicant filed the application and this Notice with the Court. If you did not receive a copy of the application and desire to review it, you may view it through a PACER account on the Bankruptcy Court's website of www.ilnb.uscourts.gov, or you may contact the Applicant and request a copy.**

If you do not want the court to enter relief in accordance with the application or if you want the court to consider your views on it, then you or your attorney must attend the **hearing** scheduled to be held on **October 22, 2009**, at **9:30 a.m.** in **Courtroom 615** of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604.

Date: _____10/1/09_____      Signature:_____/s/ Bruce de'Medici_____

Bruce de' Medici
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601
Tel: 312.894.3200

## CERTIFICATE OF SERVICE

I, Bruce de'Medici, an attorney who is licensed to practice law in the State of Illinois, certify that on the ___1st___ day of October, 2009, I served the attached NOTICE OF MOTION and APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION upon Electronic Registrants listed below through the Court's Electronic Notice for Registrants and First Class mail to certain of them as indicated; and upon creditors listed in Service List II by First Class mail; and upon all creditors for whom Brayton Purcell filed proofs of claim, by First Class mail to Brayton Purcell at the address shown below.


_____/s/ Bruce de'Medici_____


**Service by First Class Mail as indicated by * and Electronic Notice for Registrants**

| | |
|---|---|
| Office of the United States Trustee *<br>227 West Monroe Street<br>Suite 3350<br>Chicago, Illinois 60606<br>E mail: USTPRegion11.es.ecf@usdoj.gov | Joseph D Frank<br>Frank/Gecker LLP<br>E mail: jfrank@fgllp.com |
| Brad B. Erens<br>Jones Day<br>E mail: chicagobrr@jonesday.com | Alex D Moglia *<br>Moglia Advisors<br>1325 Remington Road, Suite H<br>Schaumburg, IL 60173<br>E mail: amoglia@mogliaadvisors.com |
| Alan B. Rich<br>Law Office of Alan B. Rich<br>E mail: alan@alanrichlaw.com | |

## Service List II

| | |
|---|---|
| KLC Holding Corp.<br>900 N. Michigan Ave.<br>Chicago, IL 60611 | Kaanapali Land, LLC<br>900 N Michigan Ave.<br>Chicago, IL 60611 |
| D/C Distribution LLC<br>900 N. Michigan Ave., Suite 1400<br>Chicago, IL 60611 | Richard J. Mason<br>McGuire Woods LLP<br>77 West Wacker Drive, Suite 4100<br>Chicago, IL 60601 |
| Baron & Budd PC<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, Texas 75219 | Andrew Wheeler<br>8945 Sawtelle Way<br>Sacramento, CA 95826 |
| Danny Martin<br>9609 Melrose Ave.<br>Elk Grove, CA 95624 | Dean A. Hanley<br>Paul, Hanley & Harley<br>1609 Fourth Street<br>Suite 300<br>Berkeley, CA 94710 |
| Frank Wornig<br>73 Garthe Court<br>Vallejo, CA 94591 | |

**Service to approximately 2,000 creditors who filed proofs of claim represented by Brayton Purcell, by mailing a copy to:**

Brayton Purcell,
222 Rush Landing Rd
Novato, CA 94948-6169.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-12776 |
| | ) | |
| D/C Distribution, LLC | ) | Chapter 7 |
|     Debtor | ) | Hon. Bruce W Black |
| | | Hearing Date: 10/22/09 |
| | | At 9:30 a.m. |

## FINAL APPLICATION OF
## TRUSTEE'S COUNSEL FOR COMPENSATION

Bruce de'Medici and Smith Amundsen LLC (the "Applicant"), as counsel for the trustee of the estate of Villa Mechanical, Inc., respectfully submit this final application for the allowance and payment of compensation pursuant to 11 U.S.C. §§330(a) and 503, and state in support as follows:

### I
### STATEMENT IN SUPPORT OF APPLICATION
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

A.     BACKGROUND

<u>Jurisdiction and Venue</u>

1.     The district courts have jurisdiction over this case pursuant to section 1334 of title 28 of the United States Code (the "U.S. Code"). Pursuant to section 157(a) of title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts. Pursuant to section 157(b)(1) and sections 157(b)(2)(A) and (O) of title 28 of the U.S. Code, and Internal Operating Procedure 15 of the Internal Operating Procedures of the United States District Court for the Northern District of Illinois, this pleading is for a core matter. When it filed the petition for relief, the Debtor officed in Cook County, so pursuant to

section 1408(1) of title 28 of the U.S. Code venue for this case is proper in the Northern District of Illinois, Eastern Division.

Background

2.   D/C Distribution, LLC commenced this case on July 17, 2007, by filing a petition for voluntary relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. The United States trustee appointed Alex D. Moglia to serve as the trustee (the "Trustee").

3.   The Trustee contacted the Applicant to represent him as special counsel in pursuing the avoidance and recovery of certain transfers that the Debtor made before filing its petition. The Trustee had previously retained general counsel but that counsel had conflicts of interest in pursuing avoidance and recovery from two parties that received those transfers; the Trustee retained the Applicant to pursue the transfers from those parties. The Transfers involved payments on settlements of claims for injuries arising from exposure to asbestos.

4.   Upon being employed, the Applicant requested and reviewed certain documents pertaining to those transfers and submitted demands to the transferees. The transferees presented certain defenses to the demands and the Applicant both analyzed the defenses and requested documents to support a reply to the defenses.

5.   On the last day to file a complaint against to avoid and recover the transfers, the Trustee informed the Applicant that the Office of the United States Trustee had instructed him to not pursue recovery of the transfers which the Trustee had retained the Applicant to avoid and recover. Accordingly, the Applicant did not pursue recovery of the transfers and ceased working on this matter.

6. The Applicant incurred fees in engaging in the foregoing and did so in good faith. The Applicant is entitled to be paid for these services and filed this Application for the allowance and payment of compensation relative to those services.

Terms for Employment of the Applicant

7. The estate employed the Applicant at its hourly rates and pursuant to 11 U.S.C. §330. The Applicant did not seek and the estate did not provide or pay any retainer. The Trustee did not 'promise' any payments to the Applicant outside of advising the Applicant that it would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §330. The Applicant rendered services to the estate and filed this Application seeking compensation pursuant to 11 U.S.C. §§330 and 503(b). The Applicant's employment did not impose any caps or limitations on fees or other charges. This Court did not previously award compensation to the Applicant

8. This is a final application. The Applicant's request in this Application includes compensation for the following professionals:

PROFESSIONAL/PARAPROFESSIONAL  HOURLY RATE

Bruce de'Medici-Prof.        $425.00
William S. Hackney - Prof.   $300.00
Ean Kryska - Prof.           $250.00

The Applicant charges bankruptcy clients the same rate for similar services.

B.   CASE STATUS

9. Financial Status

   a. Cash on deposit:     approx. $45,032.08
   b. Unencumbered funds in the estate: all funds on deposit are unencumbered
   c. Operating profit/loss:     N/A
   d. Projected closing date: 2010.

C.  PROJECT SUMMARY

10. In representing the Trustee in this case, the Applicant performed legal services on three matters: employment of professionals, transfer avoidance, and preparation of this Application. The Applicant included herein detailed time records with this Application that are set forth in chronological order for each category of service.

11. The structure of the Applicant's retention was to be compensated on an hourly basis. The Applicant compiled its time in hourly task-based billing, in increments of tenths of an hour, with sufficient detail and categorization to enable this Court to evaluate the propriety of its request for compensation.

<u>Employment of Professionals</u>

12. The Applicant expended 2.4 hours in performing services under this category, at a value of $655. The Applicant included a copy of the entries for these services within Exhibit "A".

13. The Trustee instructed the Applicant to obtain authority for the Trustee to retain it as special counsel and to prosecute the estate's interest in avoiding and recovery the transfers. The Applicant prepared the application for the Trustee to obtain authority to retain counsel and appeared before this Court to support that pleading.

14. The Trustee was required to obtain authority to retain professionals to represent him. By providing these services, the Applicant provided a benefit to the estate.

Liquidation of Transfers

15. The Applicant expended 11.40 hours in performing services under this category, at a value of $3,427.50. The Applicant included a copy of the entries for these services within Exhibit "B".

16. In carrying out the investigation and analysis of the transfers and the Trustee's ability to recover them, and the demand for their return and analysis of the transferees' defenses, the Applicant engaged in services over approximately six months, and did so in good faith. This was the Applicant's charge and duty to the Trustee. The Trustee retained the Applicant to pursue the transfers and the Applicant applied its time and skill to investigating the transfers, the Trustee's ability to avoid them, the defenses that the recipients raised, and the likelihood of the Trustee successfully avoiding them based upon the documents that were available. The Applicant initially determined that the transfers were actually made and could be documented, and that they were sufficiently large to justify the time and costs of pursuing their avoidance. The Applicant also sought additional documents to support the Trustee's ability to recover the transfers. The Applicant did all of the foregoing timely and with the schedule of filing any actions before the statute of limitations expired. The Applicant was not chargeable for whether the Trustee ultimately was directed not to proceed. The determination not to proceed was communicated to the Applicant on the day of the expiration of the statute of limitations and came from a third party-not the Trustee. The Applicant analyzed the records that were available from the Trustee and was prepared to file complaints and prosecute avoidance and recovery of the transfers for the estate. The Applicant provided a benefit to the estate as the Trustee was charged with administering assets of the estate and

recovering those that would provide a benefit to the estate in light of the cost of recovering them. The transfers were documented and were large enough in amount to justify the Trustee avoiding them; the recipients were operating entities that by all appearances were able to fund any settlement or other recovery. The Applicant's services preserved and developed the Trustee's ability to recover the transfers and thus provided a benefit for the Trustee's administration of the assets of the estate. The Applicant worked for the benefit of the estate and is entitled to be paid for those services.

Preparation of Fee Application

17. The Applicant expended 2.4 hours in performing services under this category, at a value of $1,020.00. The Applicant included a copy of the entries for these services within Exhibit "C".

18. The Applicant prepared this Application in accordance with the applicable standards and devoted time in doing so. In preparing the Application, the Applicant complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983); *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987); *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987); Local Rule 5082-1; and the guidelines of the Office of the United States Trustee. The Applicant is entitled to be compensated for preparing the Application, in accordance with *In re NuCorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985); *In re Alberto*, 121 B.R. 531 (Bankr. N.D. Ill. 1990); and *In re Spanjer Bros., Inc.*, 203 B.R. 85 (Bankr. N.D. Ill. 1996).

Costs

19. In representing the Trustee, the Applicant has incurred certain costs in the amount of $1.65 for photocopying documents and pleadings and postage. The Applicant is entitled to reimbursement for those costs but is not requesting reimbursement.

## II
## STATEMENT PURSUANT TO
## 11 U.S.C. §§ 329 AND 504
## AND BANKRUPTCY RULE 22016

20. Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, the Applicant has not agreed to share with any person, firm, or entity any award of fees which it may receive for having represented the Trustee in this case. Furthermore, there is no agreement between the Applicant and any other party for sharing compensation that any other person, firm, or entity receives in connection with representing the Trustee in this case.

## III
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici and Smith Amundsen LLC, as counsel for the Trustee, prays that this Court allow compensation and costs as requested herein, authorize the Trustee to remit payment thereon, and grant such further relief as is just.

        Respectfully Submitted,
        Bruce de'Medici
        Smith Amundsen LLC

        By: /s/ Bruce de'Medici

Bruce de'Medici   #6184818
Smith Amundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601-7621
Tel: 312.894.3381

# SUMMARY SHEET

| | |
|---|---|
| IN RE: ) | Case No. 07-12776 |
| ) | |
| D/C Distribution, LLC ) | Chapter 7 |
| Debtor ) | Hon. Bruce W Black |

NAME OF APPLICANT:   Bruce E. de'Medici/Smith Amundsen LLC
ROLE IN THE CASE:    Special Counsel for Alex D. Moglia, as trustee

<u>Smith Amundsen LLC</u>

| | |
|---|---|
| Amount of Fees Sought for Allowance | $5,102.50 |
| Amount of Fees Sought for Payment | $5,102.50 |
| Amount of Expense Reimbursement Sought: | -0- |
| | |
| FEES PREVIOUSLY REQUESTED: | -0- |
| FEES PREVIOUSLY AWARDED: | -0- |
| | |
| EXPENSES PREVIOUSLY REQUESTED: | -0- |
| EXPENSES PREVIOUSLY AWARDED: | -0- |
| | |
| RETAINER PAID; | -0- |

## FEE APPLICATION

| NAMES OF PROFESSIONAL/ PARAPROFESSIONAL | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL BILLED |
|---|---|---|---|---|
| Bruce de'Medici | 1980 | 5.7 | $425 | $2,422.50 |
| William S. Hackney | | 1.1 | $300 | $ 330.00 |
| Ean Kryska | 1998 | 9.4 | $250 | $2,350.00 |

## Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| Employ Professionals | 2.4 |
| Liquidation of Assets | 11.4 |
| Fee Application | 2.4 |
| TOTAL | 16.2 |

| CATEGORY | FEES |
|---|---|
| Employ Professionals | 655.00 |
| Liquidation of Assets | 3,427.50 |
| Fee Application | 1,020.00 |
| TOTAL | 5,102.50 |