# UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Jointly Administered) |
| D/C DISTRIBUTION, LLC, | ) | Case No.    07-12776 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date and Time |
| | ) | |
| | ) | January 28, 2020 at 10:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, on Tuesday, January 28, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Timothy A. Barnes, or such other judge as may be sitting in his place and stead, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois 60604 and shall present the attached **Motion for Relief from Stay as to Certain Asbestos Claimants**, a copy of which is hereby served upon you.

Dated: January 21, 2020

Respectfully submitted,

CERTAIN CLAIMANTS REPRESENTED BY
BRAYTON PURCELL LLP

By: /s/   Reed Heiligman
  (One of their Attorneys)

Bryn G. Letsch, Esq. (admitted *pro hac vice*)
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948

  – and –

Reed Heiligman (IL Bar No. 6294312)
**HILTZ ZANZIG & HEILIGMAN LLC**
53 West Jackson Blvd., Suite 701
Chicago, Illinois 60604
Telephone: 312.566.9008
reed@hzhlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Jointly Administered) |
| D/C DISTRIBUTION, LLC, | ) | Case No.    07-12776 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**MOTION FOR RELIEF FROM THE
<u>AUTOMATIC STAY AS TO CERTAIN ASBESTOS CLAIMANTS</u>**

Certain asbestos creditors and parties in interest herein represented by Brayton Purcell LLP,[1] request the entry of an order, pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, modifying the automatic stay imposed under 11 U.S.C. § 362(a) in favor of D/C Distribution, LLC, (the "Debtor") so the Asbestos Claimants may pursue their state court personal injury and/or wrongful death claims against the Debtor solely to the extent of insurance assets. In support of this motion (the "Motion"), Asbestos Claimants state as follows:

## **<u>INTRODUCTION</u>**

This motion is brought pursuant to 11 U.S.C. § 362(d)(1) and (2) on the grounds that there is ample cause to permit the Asbestos Claimants' state court actions to proceed as to available insurance. If the motion is denied and the automatic stay remains in effect, Asbestos Claimants will suffer hardship by being unable to pursue their claims for recovery against the Debtor. Moreover, the Asbestos Claimants will only attempt to satisfy their claims against the Debtor through its insurance assets and/or the insurance assets of its predecessors and successors

---

[1] The claimants represented by Brayton Purcell LLP who seek stay relief pursuant to this Motion are Roderick Johnston, Rosalyn Johnston, Gary Neto, Larry Walker, Thomas Sinclair, Carlton Keathley, and Douglas Kuznik (collectively, the "Asbestos Claimants").

in interest. Significantly, the Asbestos Claimants have been advised that the Chapter 7 Trustee consents to the granting of this motion and the entry of the proposed order filed contemporaneously herewith. The Debtor's asbestos victims have suffered and waited long enough – cause exists to modify the automatic stay to allow the Asbestos Claimants to prosecute their claims against the Debtor in the tort system. The Motion should be granted.

## JURISDICTION

1. The Court has jurisdiction over the Debtor's Chapter 7 case pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Motion is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On July 17, 2007, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. The Debtor was formerly known as AMFAC Distribution Corporation. AMFAC Distribution Corporation was the successor-in-interest by merger to California corporations (a) Edwards Supply Company, Inc. (date of merger November 15, 1979); (b) Moran Supply (formerly known as "Heieck & Moran Oakland") (date of merger June 16, 1976); and (c) Moran Supply – Frenso (formerly known as "Heieck & Moran – Fresno") (date of merger June 16, 1976).

6. These three companies were plumbing supply houses. The Asbestos Claimants allege that they were exposed to asbestos-containing products and materials supplied by these companies on or after the dates of the mergers with AMFAC Distribution Corporation, and that

these exposures (along with exposures to other asbestos-containing products and materials) caused their asbestos-related diseases.

**The Asbestos Claimants State Court Personal Injury Actions**

7. On January 10, 2007, Asbestos Claimant Douglas Kuznik filed a personal injury lawsuit in the Superior Court of California, County of San Francisco (Case No. CGC-07-274028) alleging injuries caused by exposure to asbestos. Mr. Kuznik suffers from asbestos-related pleural disease and asbestosis. Mr. Kuznik's complaint named D/C Distrubution Corporation. True and correct copies of the captions pages of Mr. Kuznik's complaint, and the answer filed by D/C Distribution Corporation are attached as **Exhibit A**.

8. On August 1, 2012, Asbestos Claimant Roderick Johnston filed a personal injury lawsuit in the Superior Court of California, County of Los Angeles (Case No. BC 489351) alleging injuries caused by exposure to asbestos. Mr. Johnston suffers from asbestos-related lung cancer, pleural disease, and asbestosis. True and correct copies of the caption pages of Mr. Johnston's complaint are attached as **Exhibit B**.

9. On October 4, 2013, Asbestos Claimant Carlton Keathley filed a personal injury lawsuit in the Superior Court of California, County of Alameda (Case No. RG-13698083) alleging injuries caused by exposure to asbestos. Mr. Keathley suffers from asbestos-related pleural disease and asbestosis. True and correct copies of the caption pages of Mr. Keathley's complaint are attached as **Exhibit C**.

10. On September 16, 2015, Asbestos Claimant Larry Walker filed a personal injury lawsuit in the Superior Court of California, County of San Francisco (CGC-15-276459) alleging injuries caused by exposure to asbestos. Mr. Walker suffered from asbestos related pleural disease and asbestosis which were so severe that Mr. Walker required supplemental oxygen

while he was living.  On October 9, 2018, Mr. Walker's successor and heirs filed a wrongful death lawsuit in the Superior Court of California, County of San Francisco (Case No. CGC-18-276738) alleging injuries caused by exposure to asbestos and death therefrom.  True and correct copies of the caption pages for Mr. Walker's complaints are attached as **Exhibit D**.

11.    On December 15, 2015, Asbestos Claimant Gary Neto filed a personal injury lawsuit in the Superior Court of California, County of Alameda (Case No. RG15796770) based on injuries caused by his exposure to asbestos.  Mr. Neto suffers from asbestos-related pleural disease and asbestosis.  True and correct copies of the caption pages of Mr. Neto's complaint are attached as **Exhibit E**.

12.    On October 10, 2017, Asbestos Claimant Thomas Sinclair filed a personal injury lawsuit in the Superior Court of California, County of San Francisco (Case No. CGC-17-276622) alleging injuries caused by exposure to asbestos.  Mr. Sinclair suffers from asbestos related pleural disease and asbestosis which are so severe that Mr. Sinclair requires supplemental oxygen.  True and correct copies of the caption pages of Mr. Sinclair's complaint are attached as **Exhibit F**.

13.    On November 1, 2017, Asbestos Claimant Rosalyn Johnston filed a personal injury lawsuit in the Superior Court of California, County of San Francisco (Case No. CGC-17-276634) alleging injuries caused by exposure to asbestos through the work of her husband Roderick Johnston.  Mrs. Johnston suffers from asbestos-related lung cancer.  True and correct copies of the caption pages of Ms. Johnston's complaint are attached as **Exhibit G**.

**The 2015 Motion Seeking Stay Modification**

14.    On April 28, 2015, Brayton Purcell filed a Motion for Relief from the Automatic Stay [Dkt. No. 86] on behalf of asbestos creditor claimants Larry Sublett; Peter and Arcelia

Schroeder; Douglas Bell; Alan and Linda Spalding; Roderick Johnston; and Rosalyn Johnston, which motion was granted on May 14, 2015. [Dkt. No. 95]. Fireman's Fund Insurance Company, Kaanapali Land LLC, and the United States appealed from the Bankruptcy Court's order lifting the automatic stay to allow the movants to litigate their asbestos-injury claims against the Debtor ("Order") in state court and its subsequent order denying reconsideration of the Order.

15. The District Court reversed the Bankruptcy Court's Order granting Brayton Purcell's motion, noting that the Order "sa[id] nothing about the *Fernstrom* factors and was issued without consideration" of the objecting parties. *See* Memorandum Opinion and Order [Dkt. No. 164], at p. 2. The District Court held that the "bankruptcy court did not articulate and the record does not otherwise disclose the bases for its decision[]" to modify the stay. *Id*. at p. 4.

16. Prior claimants Larry Sublett, Peter and Arcelia Schroeder, Douglas Bell, and Alan and Linda Spalding are not at this time renewing their requests to modify the stay.

### RELIEF REQUESTED

17. Pursuant to Section 362(d) of the Bankruptcy Code, Asbestos Claimants seek to modify the automatic stay for cause, specifically in order to pursue insurance policies that defended and indemnified Debtor and/or its alternate entities during the relevant time periods.

### BASIS FOR RELIEF REQUESTED

18. Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause . . . ." The term "cause" is not defined by the Bankruptcy Code, and courts are directed to make this determination on a case-by-case basis. *In re Edison Mission Energy*, 502

5

B.R. 830, 837 (Bankr. N.D. Ill. 2013). The Seventh Circuit has instructed that relief is appropriate when "equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." *In re Fernstrom*, 938 F.2d 731, 735 (7th Cir. 1991) (quoting *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984)).

19. Courts have recognized that where creditors seek to prosecute claims against a debtor solely to obtain recovery from the debtor's insurer, sufficient cause exists to modify the automatic stay. *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179-81 (7th Cir. 1994); *In re Shondel*, 950 F.2d 1301, 1304-07 (7th Cir. 1991); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735-37 (7th Cir. 1991); *In re Holtkamp*, 669 F.2d 505, 508-09 (7th Cir. 1982); *see In re Rexene Products Co.*, 141 B.R. 574, 576 (Bank. D. Del. 1992).

20. Here, the Asbestos Claimants seek to prosecute their complaints against the Debtor and to recover on any judgment or settlement solely to the extent of any available insurance coverage of the Debtor.

21. The Seventh Circuit Court of Appeals has adopted a three-part test to determine whether cause exists to lift the stay: (1) whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) whether the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) whether the creditor has a probability of prevailing on the merits. *Edison Mission Energy*, 502 B.R. at 837 (citing *Fernstrom*, 938 F.2d at 735). Courts also consider "the interests of judicial economy and the need for the expertise of the bankruptcy court." *Fernstrom*, 100 B.R. at 1023. Here, each of the *Fernstrom* factors weigh in favor of modifying the stay to allow the Asbestos Claimants to pursue their state law remedies against the Debtor.

I. **Neither the Debtor Nor its Estate Will Be Prejudiced if the Stay is Lifted.**

22. Allowing prosecution of the complaints of the Asbestos Claimants will have no prejudicial effect on the Debtor's estate or on the assets of the estate available for distribution to creditors, as Asbestos Claimants seek only to recover amounts from the Debtor's insurers.

23. Moreover, Asbestos Claimants' suits, if successful, will not create "a personal liability of the debtor and therefore 'will neither deplete the debtor's assets or otherwise interfere with the administration of the bankruptcy proceeding . . . .'" *Pettibone Corp.*, 40 F.3d at 181 (quoting *Fernstrom*, 938 F.2d at 734). Accordingly, the first *Fernstrom* factor weighs in favor of stay modification.

II. **The Stay Imposes a Considerable Hardship on the Asbestos Claimants.**

24. Asbestos Claimants suffer from asbestos-related diseases, as identified above, which have caused them to suffer pain, shortness of breath, loss of energy; which have caused them to incur expenses for medical treatments; and which potentially shortened their life expectancies. Their diseases were caused by their exposures to asbestos, including but not limited to asbestos-containing products for which Debtor is liable. Asbestos Claimants would be unfairly prejudiced if the automatic stay were not modified to permit them to seek recovery against the Debtor to the extent of its insurance assets. Thus, the second *Fernstrom* factor weighs in favor of stay modification.

III. **The Asbestos Claimants Are Likely to Prevail in the Tort System**.

25. As set forth above, the equities weigh heavily in favor of Asbestos Claimants, and there is no doubt that the Debtor bears responsibility for its use of asbestos-containing products. *See Matthews*, 739 F.2d at 251 ("Suspension of Section 362 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily

in favor of the creditor and the debtor bears some responsibility for creating the problems."). Where, like here, the first two *Fernstrom* factors weigh heavily in favor of the movant, modification of the automatic stay may be appropriate. Nevertheless, the Asbestos Claimants also satisfy the final *Fernstrom* factor.

26. The showing that is required as to the probability of prevailing on the merits is very slight. *See In re Rexene Products Co.*, 141 B.R. 574, 578 (Bank. D. Del. 1992), 141 B.R. at 578 (citing *In re Peterson*, 116 B. R. 247, 249 (D. Colo. 1990)). "[A]ll that is required is a 'vague initial showing that [the party seeking relief] can establish a prima facie case." *Peterson*, 116 B. R. at 249. Asbestos Claimants can make such a showing here: Asbestos Claimants Roderick Johnston and Rosalyn Johnston were exposed to asbestos-containing products and materials supplied by Edwards Supply Company, Inc., on or after the November 15, 1979, date that Edwards Supply Company was merged into AMAC. Asbestos Claimants Gary Neto, Larry Walker, Thomas Sinclair, Carlton Keathley, and Douglas Kuznik were exposed to asbestos-containing products and materials supplied by Moran Supply (formerly known as "Heieck & Moran (Oakland") and/or Moran Supply – Frenso (formerly known as "Heieck & Moran – Fresno") on or after the June 16, 1976, date that these companies were merged into AMFAC.

27. A prior request for the relief sought in this Motion as to different asbestos victims was made on April 28, 2015, as discussed in detail in Paragraphs 14-16 above.

28. The Asbestos Claimants have been advised that the Chapter 7 Trustee consents to the granting of this motion and the entry of the proposed order filed contemporaneously herewith.

## **CONCLUSION**

The automatic stay is a powerful tool to allow debtors a respite from their financial burdens and an opportunity to regain their financial health – something that is not applicable to this non-operating Debtor. Any hardship to the Debtor in modification of the automatic stay is outweighed by the delay and hardship to the Asbestos Claimants if the automatic stay is not lifted. The Motion should be granted.

WHEREFORE, Asbestos Claimants request the entry of an order, pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a)(1):

A. Modifying the automatic stay imposed pursuant to 11 U.S.C. § 362(a) in favor of D/C Distribution LLC in order to permit Asbestos Claimants to prosecute their lawsuits against D/C Distribution LLC and to recover on any judgment or settlement solely to the extent of any available insurance coverage;

B. Waiving the fourteen-day grace period imposed by Bankruptcy Rule 4001(a)(3); and

C. Granting such other and further relief as this Court deems just and proper.

Dated: January 21, 2020

Bryn G. Letsch, Esq. (admitted *pro hac vice*)
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948

    - and -

Reed A. Heiligman (ARDC #6294312)
**HILTZ ZANZIG & HEILIGMAN LLC**
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 888-9541
reed@hzhlaw.com

Respectfully submitted,

By: /s/ Reed Heiligman

CERTAIN ASBESTOS CLAIMANTS
REPRESENTED BY BRAYTON PURCELL
LLP

# **CERTIFICATE OF SERVICE**

I, Reed Heiligman, an attorney, hereby certify that, on January 21, 2020, I caused a true and correct copy of the foregoing **Notice of Motion** and **Motion for Relief from Stay as to Certain Asbestos Claimants** to be served on the following via the indicated means:

<u>VIA CM/ECF</u>:

David DeCelles, david.decelles@usdoj.gov
Brad B. Erens, chicagobrr@jonesday.com , michellemiller@jonesday.com
Karl Fingerhood, karl.fingerhood@usdoj.gov
Joseph D Frank, jfrank@fgllp.com   jkleinman@fgllp.com; mmatlock@fgllp.com; csucic@fgllp.com;csmith@fgllp.com
Patricia L. Hurst, patricia.hurst@usdoj.gov
Todd C. Jacobs, tjacobs@bradleyriley.com, cclark@bradleyriley.com;docket@bradleyriley.com
Patrick M. Jones, pmj@patjonesPLLC.com
Jeremy C. Kleinman, jkleinman@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com; csucic@fgllp.com
Ean L. Kryska, ekryska@gmail.com
Patrick S. Layng, USTPRegion11.ES.ECF@usdoj.gov
Alex D. Moglia, amoglia@mogliaadvisors.com, IL31@ecfcbis.com
Michael W. Ott, mott@schiffhardin.com
Alan B. Rich, ecf@alanrichlaw.com
Kathleen A. Stetsko, kstetsko@perkinscoie.com, docketchi@perkinscoie.com
Randall M. Stone, randall.stone@usdoj.gov, efile_ees.enrd@usdoj.gov
Rue K. Toland, rtoland@mayerbrown.com
Tacie H. Yoon, tyoon@crowell.com, mplevin@crowell.com
Daniel A. Zazove, dzazove@perkinscoie.com, docketchi@perkinscoie.com;daniel-zazove-4464@ecf.pacerpro.com;jessica-matamoros-0866@ecf.pacerpro.com
Richard G. Ziegler, rziegler@mayerbrown.com, courtnotification@mayerbrown.com
Bruce E de'Medici, bdemedici@gmail.com

<u>VIA US MAIL</u>:

*See* Attached Service List

/s/ Reed Heiligman

Travelers Insurance Company
Attn: Claims Reporting
One Tower Square
Hartford, CT  06183

Insurance Company of the State of Pennsylvania (ICSOP)
Attn: Chartis Claims Reporting
P.O. Box 25588
Shawnee Mission, KS  66225

Continental Casualty Company
Attn: Claims Reporting
P.O. Box 8317
Chicago, IL  60680-8317

Granite State Insurance Company
Attn: Chartis Claims Reporting
P.O. Box 25588
Shawnee Mission, KS  66225

National Union Fire Insurance Company of Pennsylvania
Attn: Chartis Claims Reporting
P.O. Box 25588
Shawnee Mission, KS  66225

Pine Top Insurance Co. in Liquidation
Office of the Special Deputy Receiver
222 Merchandise Mart Plaza, Suite 1450
Chicago, IL  60654

First State Insurance Company
Attn: The Hartford Claims Reporting
P.O. Box 2041
Aurora, IL  60507

Mr. Patrick Pawlowski
Westchester Specialty Group
275 Battery Street, Suite 1500
San Francisco, CA  94111

Twin City Fire Insurance Company
Attn: The Hartford Claims Reporting
P.O. Box 2041
Aurora, IL  60507

Federal Insurance Company
Attn: Chubb Claims Reporting
P.O. Box 4700
Chesapeake, VA  23327

Nutmeg Insurance Company
Attn: The Hartford Claims Reporting
P.O. Box 2041
Aurora, IL  60507

Wausau General Insurance Company
Attn: Claims Reporting
175 Berkeley Street
Boston, MA  02116

Gallagher Heath
Attn: London Market Claims Reporting
300 South Riverside Plaza
Suite 1900
Chicago, IL  60606

Illinois Insurance Co. in Receivership
Office of the Special Deputy Receiver
222 Merchandise Mart Plaza
Suite 1450
Chicago, IL  60654

Utica First Insurance Company
Attn: Claims Reporting
P.O. Box 851
Utica, NY  13503-0851

Utica National Insurance Group
Attn: Claims Reporting
P.O. Box 5310
Binghamton, NY  13902-9955

Lexington Insurance Company
Attn:  Chartis Claims Reporting
P.O. Box 25588
Shawnee Mission, KS  66225

New England Reinsurance Corporation
Attn: The Hartford Claims Reporting
P.O. Box 2041
Aurora, IL  60507

Executive Risk Indemnity Company
Attn:  Chubb Claims Reporting
P.O. Box 4700
Chesapeake, VA  23327

Allstate Insurance Company
Attn:  Claims Reporting
3075 Sanders Road Suite G2H
Northbrook, IL  60062-7127

Harbor Insurance Company
Attn:  Claims Reporting
4501 East 31st Street
Tulsa, OK  74135-2132

Allianz Global Risks U.S. Insurance Co.
Attn:  Claims Reporting
225 West Washington Street
Suite 2000
Chicago, IL  60606-3484

RSA Insurance Group
Attn:  Claims Reporting
1000-2225 Erin Mills Parkway
Mississauga ON L1K 1T9
CANADA

Central National Insurance Company of Omaha
Attn: Claims Reporting
11128 John Galt Boulevard, Suite 450
Omaha, NE  68137

Chubb Insurance
P.O. Box 42065
Phoenix, Arizona  85080

Mark D. Plevin
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, CA  94111

D/C DISTRIBUTION, LLC
c/o Brad B. Erens
Jones Day
77 W Wacker Dr
Chicago, IL 60601-1604